UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE J. ANDERSON (DOC #126000)

VERSUS                                          CIVIL ACTION

ELIZABETH P. WOLFE, ET AL                       NUMBER 14-401-SDD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 18, 2014.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE J. ANDERSON (DOC #126000)

VERSUS                                          CIVIL ACTION

ELIZABETH P. WOLFE, ET AL                       NUMBER 14-401-SDD-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at the Tangipahoa Parish Jail, Amite, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Twenty-first Judicial District Court Judge Elizabeth P. Wolfe, Livingston Parish Assistant District Attorney (hereafter "ADA") Leanne Malnar, officer Furca, an unidentified police officer and the Louisiana Department of Public Safety and Corrections.[1] Plaintiff alleged that he was subjected to false imprisonment and malicious prosecution in violation of his constitutional rights. Plaintiff sought compensatory and punitive damages.

### I. Background

Plaintiff alleged that on January 23, 2002, he was arrested in Livingston Parish and was charged with simple burglary of an inhabited dwelling. Plaintiff alleged that he subsequently entered into a plea agreement in which he stipulated that he was a habitual offender and which provided that he would receive a sentence of 10

---

[1] Record document number 11, Amended Complaint.

years imprisonment at hard labor. Plaintiff alleged that on October 5, 2004, he appeared before Judge Jefferson D. Hughes and was sentenced under the habitual offender statutes.

Plaintiff alleged that he later challenged his habitual offender adjudication on the ground that he was not a third felony offender. Plaintiff alleged that when the matter finally came for hearing before the district court, Judge Wolfe was the presiding judge.

Plaintiff alleged that on October 23, 2006, ADA Malnar instituted a second multiple offender hearing and introduced evidence that the plaintiff contends was not certified or authenticated. Plaintiff alleged that he was adjudicated a third felony offender and was re-sentenced. Plaintiff alleged that he filed a motion for reconsideration and introduced the *Boykin* transcript from the sentencing before Judge Hughes. Plaintiff alleged that Judge Wolfe granted his motion for reconsideration but failed to vacate his sentence.

Plaintiff alleged that on February 22, 2007, the court conducted a hearing on the State's Motion to Clarify Ruling on the Defendant's Motion to Reconsider the State's Habitual Offender Petition. Plaintiff alleged that Judge Wolfe vacated the sentence imposed by Judge Hughes on the ground that it was an illegal sentence and re-sentenced the plaintiff to 20 years imprisonment. Plaintiff alleged that Judge Wolfe adopted the evidence introduced

at the prior habitual offender hearing and denied the plaintiff the opportunity to withdraw his guilty plea.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> ©) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is

filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Eleventh Amendment Immunity**

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.  The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**C. Judicial Immunity**

Judicial immunity is a question of law which must be determined based on the facts of each case.  *Brewer v. Blackwell,*

4

692 F.2d 387, 390-391 (5th Cir. 1982). A judge is immune from suit for damages resulting from an act performed in his judicial role. The immunity shields the judge unless he acts in the clear absence of all jurisdiction over the subject matter, or in a non-judicial capacity. *Brewer v. Blackwell, supra*, at p. 396. *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 999 (1984). The immunity applies however erroneous the act and however evil the motive. *Johnson v. Kegans*, 870 F.2d 992 (5th Cir. 1989) (citing cases).

The Fifth Circuit Court of Appeals established in *Brewer, supra*, a four-part test to determine whether an act is sufficiently judicial to warrant immunity. Applying that test here, it is clear that Judge Wolfe is shielded by judicial immunity and should be dismissed as a defendant in this action.

### D. *Heck* Bar to § 1983 Claims

Plaintiff's claims regarding his conviction and the length of his sentence must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Plaintiff asserted essentially two causes of action under the

5

guise of § 1983: malicious prosecution and false imprisonment. The principles announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) preclude these claims. In *Heck*, the Supreme Court considered whether a plaintiff could challenge via § 1983 his criminal conviction and sentence, including "other harm[s] caused by actions whose unlawfulness would render a conviction or sentence invalid." 512 U.S. at 478, 483, 486, 114 S.Ct. 2364.

The Court held that such claims are "cognizable" only if the plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87, 114 S.Ct. 2364. Plaintiff did not allege that his conviction and sentence have been reversed or otherwise called into question.

Unless he can demonstrate that a state court or other authorized tribunal has determined that he has been improperly convicted and sentenced, the plaintiff has no damages claim against any defendant cognizable under § 1983. *See*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

6

### E. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court.  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.  The court should decline to exercise supplemental jurisdiction over any state law claims.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii) and without prejudice to any state law claim.

Baton Rouge, Louisiana, August 18, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE